IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL BLAKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:11-cv-932-GPM-DGW |
| ) | |
| LINDA FOUTCH and MD FE ) | |
| FUENTES, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge G. Patrick Murphy under 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a). Pending before the Court is a Motion for Summary Judgment on the Issue of Exhaustion (Doc. 42); (Doc. 44) filed by Defendant Fe Fuentes. Plaintiff Michael Blakes filed a Response in Opposition to the Motion for Summary Judgment on the Issue of Exhaustion (Doc. 52). Defendant filed a Reply (Doc. 55) and Plaintiff filed a Sur-Reply (Doc. 56). For the reasons stated below, it is **RECOMMENDED** that Defendant's Motion for Summary Judgment on the Issue of Exhaustion (Doc. 42) be **GRANTED**; that the Court **FIND** that Plaintiff did not exhaust administrative remedies prior to filing suit; that Defendant Fe Fuentes be **DISMISSED from this action with prejudice**; and that the Court adopt the following findings of fact and conclusions of law.

**PROCEDURAL HISTORY**

In his Complaint, Plaintiff alleges that on June 25, 2010, while at Menard Correctional Center, he got into a fight with a cell mate and broke both of his thumbs. Plaintiff claims that the

1

staff of the healthcare unit at Menard Correctional Center was deliberately indifferent to his medical needs when they failed to respond to his grievances requesting to see a doctor. Plaintiff also claimed that Defendant Rednour violated his constitutional rights when he failed to respond to Plaintiff's grievances regarding severe pain in his back and arthritis in his legs. Plaintiff further alleged that Defendant Foutch and Defendant Fuentes were deliberately indifferent to his medical needs when Plaintiff had to wait three months for a doctor to acknowledge his complaint and for putting him in segregation when he should have stayed in the hospital. (Doc. 1).

After threshold review, Plaintiff's only remaining claim is against Defendants Foutch and Fuentes for denying him post-surgical care for the three days that he was in segregation following surgery. Plaintiff, in essence, alleges that his serious medical need at this time was the inability to use his hands, requiring aid to properly care for himself, and the need for medical therapy. He also alleges that Defendants Foutch and Fuentes were aware that he should have stayed in the hospital but instead placed him in segregation. (Doc. 15).

### FINDINGS OF FACT

The Motion for Summary Judgment before the Court relates only to Defendant Fe Fuentes. Defendant Linda Foutch filed no dispositive motion on the issue of exhaustion and did not move to join Defendant Fuentes's motion.

Plaintiff stated in his Response to the Motion for Summary Judgment that "the only claim that Plaintiff made directly towards Fe Fuentes was for releasing him out of the healthcare unit to be put in segregation to defend himself. . . . The only grievance issue that should be relevant is the one that pertains to the incident on October 14, 2010 when Plaintiff was put in segregation." (Doc. 1 at 7); (Doc. 52 ¶ 4).

Defendant Fuentes provides several grievances discovered during discovery on the issue of exhaustion. Many of the grievances predate the incident on October 14, 2010. Other grievances are irrelevant or were filed at a correctional facility other than Menard. Plaintiff filed one known grievance close to the time he was in segregation, but still prior to the actual dates of his segregation. Plaintiff was in segregation from October 14, 2010 through October 26, 2010. Plaintiff filed a grievance on October 11, 2010, which the ARB received on October 14, 2010. Defendant Fuentes points out that this grievance named Defendant Linda Foutch (Defendant Fe Fuentes is not named), and this grievance specifically deals with the Plaintiff's right foot, not his thumbs. The grievance was returned to Plaintiff for failure to include the Grievance Officer and Chief Administrative Officer's responses.

At an April 16, 2010 hearing on the instant Motion for Summary Judgment, Plaintiff stated that he had surgery on his two broken thumbs on October 13, 2010. Plaintiff was placed in segregation from October 14, 2010 to October 26, 2010. Plaintiff stated that on October 15, 2010 or October 16, 2010, he requested assistance in writing a grievance. Plaintiff could not obtain assistance, so he made an effort to write a grievance by placing a pen in his mouth. Plaintiff claims that he submitted this grievance to a prison officer who failed to deliver it to the proper grievance officials; Plaintiff received no response. Although Plaintiff regained the ability to use his thumbs by November 15, 2010, he did not attempt to resubmit the grievance because he was told that he would be disciplined for insubordination for filing a grievance related to his segregation after already being released from the segregation unit.

## CONCLUSIONS OF LAW

*Legal Standards*

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011). A Court must construe all facts and reasonable inferences in the light most favorable to the non-moving party. *Arnett*, 658 F.3d at 757.

Under the Prison Litigation Reform Act ("PLRA") a prisoner cannot bring a claim under § 1983 until all available administrative remedies are exhausted. 42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). Defendants have the burden of proving the affirmative defense of failure to exhaust administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Exhaustion is satisfied when a prisoner properly uses all the steps that an agency holds out so as to give the agency the ability to address the issues on the merits. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). The purpose of exhaustion is to give prison officials an opportunity to address an inmate's claims administratively, prior to federal litigation. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

The Illinois Administrative Code sets out the procedure for the filing of grievances by inmates. Ill. Admin. Code tit. 20 § 504.810 et seq. (2003). An inmate must first attempt to resolve the complaint informally through his counselor. Ill. Admin. Code tit. 20 § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within sixty days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id.* The

grievance officer is required to advise the Chief Administrative Officer ("CAO") at the facility in writing of the findings on the grievance. The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. Ill. Admin. Code tit. 20, § 504.830. An inmate may appeal the decision of the CAO in writing to the Administrative Review Board within thirty days. Ill. Admin. Code tit. 20, § 504.850; *see Dole*, 438 F.3d at 806–07.

"Because the prison employees bear the burden on exhaustion, they must do more than point to a lack of evidence in the record; rather they must 'establish affirmatively' that the evidence is so one-sided that no reasonable factfinder could find that [plaintiff] was prevented from exhausting his administrative remedies." *Schaefer v. Bezy*, 336 Fed.Appx. 558, 560 (7th Cir. 2009).

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). Administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *Id.* at 15 (citing *Kaba*, 458 F.3d at 684). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

*Discussion*

Grievances related to Defendant Fuentes could only have been filed after Plaintiff was placed into the segregation unit on October 14, 2010. (Doc. 1 at 7); (Doc. 52 ¶ 4). Defendant

Fuentes provides several grievances uncovered during discovery on the issue of exhaustion of administrative remedies. Many of the grievances predate the incident on October 14, 2010. Several other grievances are irrelevant or were filed at a correctional facility other than Menard. One grievance seems to relate to the incident on October 14, 2010 timeframe. Defendant Fuentes points out that this grievance named Defendant Linda Foutch (Defendant Fe Fuentes is not named), and this grievance specifically deals with the Plaintiff's right foot, not his thumbs. Plaintiff authored the grievance on October 11, 2010 (before he was placed in segregation), and the ARB received it on October 14, 2010. This grievance was returned to Plaintiff for failure to include the Grievance Officer and Chief Administrative Officer's responses.

Furthermore, on November 9, 2010, Plaintiff's counselor wrote in the Cumulative Counseling Summary that, "Grievance office returned GRV to inmate that he sent directly to the ARB. Issue is medical staff, no counselor response, no GO/CAO response. Inmate did not follow procedure." This is a reference to the grievance filed against Linda Foutch about the foot infection, not the broken thumbs complained of in the instant case.

Plaintiff's October 14, 2010 grievance was filed prematurely, as he was not yet placed into segregation. Even if this grievance were construed as timely, Plaintiff failed to follow the proper procedures as required under the Illinois Administrative Code. Plaintiff submitted the grievance directly to the ARB, which circumvents the required process. Finally, Plaintiff provides insufficient evidence to substantiate his claims that he filed a grievance written with his mouth, or that he was threatened with discipline for insubordination if he attempted to file a grievance subsequent to his release from segregation. Plaintiff admitted that he was capable of using both thumbs to write as early as November 15, 2010. Plaintiff had sixty days from the date

of the incident (October 14, 2010) to file a grievance. Plaintiff had an opportunity to file a grievance and chose otherwise.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendant's Motion for Summary Judgment on the Issue of Exhaustion (Doc. 42) be **GRANTED**; that the Court **FIND** that Plaintiff did not exhaust administrative remedies prior to filing suit; that Defendant Fe Fuentes be **DISMISSED from this action with prejudice**; and that the Court adopt the foregoing findings of fact and conclusions of law.

**DATED:  April 16, 2013**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**