UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL BLAKES,

    Plaintiff,

v.

LINDA FOUTCH, MD FE FUENTES and
DAVID REDNOUR,

    Defendants.

Case No. 11-cv-932-JPG-DGW

**MEMORANDUM AND ORDER**

    This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 116) of Magistrate Judge Donald G. Wilkerson recommending that the Court give plaintiff Michael Blakes 60 days to pay the $340.64 initial partial filing fee, stay this matter pending receipt of that fee, and warn him that this case shall be dismissed for failure to prosecute if he fails to pay the fee. Blakes objects, stating that he never received the Court's initial filing fee assessment order (Doc. 12) and claiming he is indigent. He has also not paid anything toward his initial partial filing fee.

    The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

    The Court has reviewed the matter *de novo*. As a preliminary matter, Blakes did not mention his alleged failure to receive the filing fee assessment order in response to Magistrate

Judge Wilkerson's November 5, 2013, order (Doc. 110) referring to that assessment. That fact, combined with his clearly false statement in his motion for leave to proceed *in forma pauperis* on appeal (Doc. 104) that he had received no income in the prior 12 months (he actually received approximately $10 per month in his prison job (see Doc. 108)), causes the Court to question the truth of Blakes' representation. Any misrepresentations notwithstanding, Blakes appears to want the Court to waive or reduce the initial partial filing fee originally assessed in November 2011. The Court cannot do this. The fee is required by statute, 28 U.S.C. § 1915(b)(1), which does not allow for a reduction or waiver of the assessed fee. *See Porter v. Department of the Treasury*, 564 F.3d 176, 180 (3d Cir. 2009). Blakes must pay the fee or his case will be dismissed.

Here, Blakes had the ability to pay the assessed fee at the time he filed this lawsuit in October 2011. At that time he also should have expected to be liable for this sum in light of the substantial balances in his account in the six months prior to filing suit; he could have easily calculated the initial partial filing fee (or at least a ballpark figure) based on his account history and the formula set forth in the statute. *See* 28 U.S.C. § 1915(b)(1). Nevertheless, Blakes depleted his account until he no longer had sufficient funds to pay the fee due. However, current poverty does not excuse compliance with 28 U.S.C. § 1915(b)(1) where the inmate had the resources to pay at the time he filed suit. *Robbins v. Switzer,* 104 F.3d 895, 898 (7th Cir. 1997). If the inmate chose to spend money on other things after filing his suit, he may not proceed unless the initial partial filing fee is paid. *Id.*

For this reason, the Court:

- **ADOPTS** the Report in its entirety (Doc. 116);
- **ORDERS** that Blakes shall have up to and including April 14, 2014, to pay the entire initial partial filing fee of $340.64;

- **STAYS** this case pending receipt of the full initial partial filing fee; and

- **WARNS** Blakes that if he does not pay the entire initial partial filing fee of $340.64 by April 14, 2014, the Court will dismiss this case without prejudice.

One final word is in order regarding the Court's jurisdiction to enter this order. On February 10, 2014, the Court of Appeals recalled its mandate that had resolved Blakes' interlocutory appeal of an order (Doc. 94) granting defendant F.E. Fuentes' motion for summary judgment (Doc. 42) on the grounds that Blakes had failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Thus, there is currently an appeal pending in this case. Ordinarily, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, the appeal of a non-appealable order does not deprive the district court of jurisdiction to continue with the case. *Gilda Indus., Inc. v. United States*, 511 F.3d 1348, 1350 (Fed. Cir. 2008). The order from which Blakes appeals is not a final, appealable order under 28 U.S.C. § 1291, nor is it a permissible interlocutory appeal under 28 U.S.C. § 1292. The Court is unaware of any other authority that would allow Blakes to immediately appeal the Court's order. Accordingly, because Blakes has appealed a non-appealable order, this Court is not deprived of jurisdiction to consider the pending matters in this case and to issue this order. The Court **DIRECTS** the Clerk of Court to send this order to the Court of Appeals in connection with Appeal No. 13-3130.

**IT IS SO ORDERED.**
**DATED: February 12, 2014**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**