UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL BLAKES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LINDA FOUTCH, MD FE FUENTES and<br>DAVID REDNOUR,<br><br>　　　　　Defendants. | Case No. 11-cv-932-JPG-DGW |

### MEMORANDUM AND ORDER

　　This matter comes before the Court for case management purposes.  In an order dated February 12, 2014, the Court ordered that plaintiff Michael Blakes would have up to and including April 14, 2014, to pay the $340.64 initial partial filing fee assessed at the outset of this case pursuant to 28 U.S.C. § 1915(b)(1) (Doc. 120).  The Court noted that Blakes had enough money to pay the entire initial partial filing fee in his prison trust fund account when he filed this suit in October 2011 and should have expected to pay a substantial fee based on the substantial balances in his account in the six months prior to filing suit.  Instead of saving his money to pay the fee, he depleted his account until he no longer had sufficient funds to pay the fee due.

　　Blakes has not paid any part of the initial partial filing fee assessed.  Instead, he asks the Court to reconsider its order setting the April 14, 2014, deadline on the grounds that he did not know of his obligation to pay the fee when it was assessed and is now indigent and cannot pay the fee.  In his motion, he does not even attempt to show that he has made a good faith effort to pay any part of the assessed fee and instead blames the failure on prison officials for failing to take the fee from his account.

　　The bottom line is that Blakes was assessed the $340.64 fee on November 16, 2012 (Doc.

12), when he had $958.60 in his account. He was again notified of his obligation to pay the fee in a November 5, 2013, order (Doc. 110), and was given a deadline of January 6, 2014, to pay the fee. When he failed to pay by the deadline, the Court extended that deadline to April 14, 2014 (Docs. 116 & 120). In the entire time since the fee was assessed, Blakes has not paid a single penny. Because he had money to pay the entire fee when he filed this case and when the fee was assessed, his current poverty does not excuse compliance with 28 U.S.C. § 1915(b)(1). *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997). That he chose to spend money on other things after filing his suit does not excuse him from paying the fee or from the consequences of failing to pay it. *See id.*

Accordingly, the Court **DENIES** Blakes' motion for reconsideration (Doc. 126), and, as it warned it would do, **DISMISSES** this case without prejudice. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: May 1, 2014**

                                                      s/J. Phil Gilbert
                                                    **J. PHIL GILBERT**
                                                    **DISTRICT JUDGE**